UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, and SENTINEL INSURANCE COMPANY, LTD., | : : : : |
| Plaintiffs, | : **COMPLAINT** : |
| -against - | : Civil Action No:  19-cv- 3810 : |
| TRINITY ASSOCIATES, LLC, OSSINING T.B. FLATS, LLC, JOHN B. SARACENO, and JOHN V. SARACENO, | : **DEMAND FOR JURY TRIAL** : : : |
| Defendants. | : |

Plaintiffs Property and Casualty Insurance Company of Hartford and Sentinel Insurance Company, Ltd. (collectively, "Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, as and for its Complaint against defendants Trinity Associates, LLC ("Trinity"), Ossining T.B. Flats, LLC ("Ossining"), John B. Saraceno, and John V. Saraceno, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking rescission of various insurance policies issued by Hartford to Trinity and Ossining based on material misrepresentations made by Trinity and Ossining in obtaining the same, as well as for declaratory relief pursuant to 28 U.S.C. § 2201, requesting a judgment declaring that Hartford has no duty to defend or indemnify Trinity, Ossining and/or other insureds in connection with an underlying lawsuit captioned *Mariah Hagan v. John B. Saraceno, et al.,* Index No. 68070/2017 (N.Y. Sup. Ct., Westchester Co.) (the "Hagan Action").  The Hagan Action asserts claims against the Defendants based on their activities related to the development and management of real estate, specifically a twelve (12)

unit residential, low income and affordable housing condominium building known as the Ossining T.B. Flats Condominium located at 133-139 Main Street, Ossining, New York (the "Project").

2. With this action, Hartford further seeks reimbursement, indemnification, and/or recoupment of all sums and monies paid or to be paid by Hartford on behalf of Trinity for the defense of the Hagan Action, as well as any other amounts expended by Hartford in providing coverage to them.

## THE PARTIES

3. Plaintiff Property and Casualty Insurance Company of Hartford is a foreign corporation organized under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

4. Plaintiff Sentinel Insurance Company, Ltd. is a foreign corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, defendant Trinity is a domestic corporation organized under the laws of the State of New York, with its principal place of business in Elmsford, New York.

6. Upon information and belief, defendant Ossining is a domestic corporation organized under the laws of the State of New York, with its principal place of business in Elmsford, New York.

7. Upon information and belief, defendant John B. Saraceno is an individual residing in the County of Westchester, New York.

8. Upon information and belief, defendant John V. Saraceno is an individual residing in the County of Westchester, New York.

## JURISDICTION AND VENUE

9. This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants do not share common state citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

10. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a) and (c).

## THE LIABILITY INSURANCE POLICIES

11. Hartford issued the following insurance policies that provide primary liability insurance coverage to Trinity for the periods indicated: 16 SBA RV8816 (9/3/06-9/3/07); 16 SBA RV8816 (9/3/07-9/3/08); 16 SBA RV8816 (9/3/08-9/3/09); 16 SBA RV8816 (9/3/09-9/3/10); 16 SBA RV8816 (9/3/10-9/3/11); 16 SBA RV8816 (9/3/11-9/3/12); 16 SBA RV8816 (9/3/12-9/3/13); 16 SBA RV8816 (9/3/13-9/3/14); 16 SBA RV8816 (9/3/14-9/3/15); 16 SBA RV8816 (9/3/15-9/3/16); 16 SBA RV8816 (9/3/16-9/3/17); 16 SBA RV8816 (9/3/17-9/3/18); and 16 SBA RV8816 (9/3/18-9/20/18) (the "Hartford Trinity Policies").

12. In addition, the foregoing Hartford Trinity Policies also include Umbrella Liability Supplemental Contracts, pursuant to which Hartford provided umbrella liability insurance coverage to Trinity for the period beginning 9/30/06 through 09/20/18.

13. Hartford issued the following insurance policies that provide primary liability insurance coverage to Ossining for the periods indicated: 16 SBA PP5396 (1/31/14-1/31/15); 16 SBA PP5396 (1/31/15-1/31/16); 16 SBA PP5396 (1/31/16-1/16/17) (the "Hartford Ossining Policies"). The Hartford Trinity Policies and the Hartford Ossining Policies are referred to collectively herein as the "Hartford Policies."

14. Each of the Hartford Trinity Policies was issued to Trinity and delivered to its principal place of business in New York.

15. Each of the Hartford Ossining Policies was issued to Ossining and delivered to its principal place of business in New York.

16. Pursuant to the terms of the Hartford Policies, the insurance provided thereunder applies only to "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence" (as those terms are defined in the Hartford Policies).

17. Similarly, as further delineated therein, the Hartford Policies contain various exclusions that preclude coverage, *inter alia,* for (i) expected or intended injury, (ii) the rendition of professional services, (iii) damage to property you own, rent or occupy, including any costs or expenses to repair, restore or maintain such property, (iv) damage to any premises you sell, if property damage arises out of any part of those premises, (v) damage to property on which the insured, its contractors or subcontractors are performing operations and/or that must be restored, repaired or replaced because "your work" was incorrectly performed, (vi) damage to "your product," (vii) damage to "your work," (viii) real estate development and real estate management activities, and (ix) real estate operations, amongst others.

18. Based on the foregoing and the other terms, conditions, definitions, endorsements, provisions and exclusions of the Hartford Policies, as well as applicable statutory and common law, the Hartford Policies do not provide coverage for the claims and damages asserted in the Hagan Action.

19. Additionally, as indicated therein, the Hartford Policies were issued in reliance on the insured's representations made to Hartford and the accuracy and completeness of

the statements in the Declarations upon which they were based, including the nature of the hazards relating to the conduct of each insured's business.

20. Insofar as defendants John B. Saraceno and John V. Saraceno are, upon information and belief, members of defendants Trinity and Ossining, they are interested and necessary parties for purposes of this action.

## UNDERLYING HAGAN ACTION AND COVERAGE CLAIM

21. The Hagan Action involves claims brought against Trinity, Ossining, and their alleged members and/or project manager, John B. Saraceno, and John V. Saraceno, in connection with the underlying plaintiff's purchase of a condominium unit in the Project.

22. The Hagan Action alleges that Trinity is a real estate management and development limited liability company, and further alleges that Trinity "was known to be a developer of the Building" at issue and also the manager of same.

23. The Hagan Action further alleges that Ossining was both the sponsor and the developer of the Project, was responsible for converting the building from a bank to a condominium, caused various defects and building violations as a result of shoddy and improper construction, materially misrepresented facts in the offering plan, and illegally and knowingly sold underlying plaintiff a defective unit without a proper certificate of occupancy.

24. The underlying plaintiff in the Hagan Action seeks damages from Ossining for rescission of her purchase agreement totaling $150,598.97 exclusive of interest, and seeks damages from Trinity in excess of $250,000, exclusive of costs and interest, together with punitive damages in an amount of not less than $1 million, for breach of fiduciary duties in managing the Project based on Trinity's alleged knowing, intentional, wanton and willful

misconduct, including breaches allegedly committed in furtherance of a fraudulent scheme among the various defendants.

25. In response to notice and tender of the Hagan Action sent on behalf of Trinity, Hartford sent a letter to Trinity dated December 7, 2018 in which it agreed to participate in the defense of Trinity under a full reservation of rights. In particular, Hartford advised that there may not be coverage for the Hagan Action under the Hartford Trinity Policies, and that it retained the right to disclaim coverage for and withdraw from the defense of the same, based on the terms, conditions, exclusions and provisions of the Hartford Trinity Policies.

26. Hartford's December 7, 2018 reservation of rights letter also advised Trinity that the Hartford Trinity Policies were issued to Trinity based on the representation that it was a real estate agency, but that the underlying complaint alleges that Trinity acts as a real estate developer and/or real estate manager, and Hartford does not insure real estate developers in the State of New York. Accordingly, Hartford reserved the right to withdraw from the defense of Trinity in the Hagan Action to the extent it is determined that there was a material misrepresentation concerning the nature of Trinity's business operations in the application for insurance.

27. Hartford further reserved the right to seek reimbursement for any and all monies paid toward expenses and/or settlement to the extent that it was subsequently determined that there is not coverage under the Hartford Trinity Policies for the Hagan Action.

28. Trinity accepted Hartford's defense offer and reservations and did not object to and/or refuse to consent to the same.

29. Additionally, in response to notice and tender of the Hagan Action sent on behalf of Ossining, Hartford sent a letter to Ossining dated March 22, 2019 in which it denied

coverage for the Hagan Action. In particularly, Hartford advised that there was no coverage for the Hagan Action under the Hartford Ossining Policies, insofar as the claims asserted against it for breach of contract and rescission of contract related to the underlying plaintiff's purchase agreement with Ossining in September 2013, which was prior to the issuance of any of the Hartford Ossining Policies.

30. Hartford further disclaimed coverage to Ossining on various additional grounds, including, *inter alia,* that the contract claims asserted against Ossining in the Hagan Action did not arise out of an "occurrence" or involve "property damage" as defined in the Hartford Ossining Policies, that various policy exclusions precluded coverage for the matters at issue, and that Ossining had made material misrepresentations to Hartford in its application for coverage and failed to disclose the true nature of its business and operations.

31. Hartford also retained the right to further disclaim coverage to Ossining for the Hagan Action based on all other terms, conditions, exclusions and provisions of the Hartford Ossining Policies.

32. To date, no tender of the Hagan Action has been made to Hartford on behalf of defendants John B. Saraceno and John V. Saraceno, presumably insofar as the claims asserted against each of them involve allegations of fraud, intentional tort and acts in furtherance of a fraudulent scheme for which coverage is precluded under both the Hartford Policies and New York law and public policy.

## THE COVERAGE DISPUTES AMONG THE PARTIES

33. Both Trinity and Ossining have tendered and sought coverage from Hartford for the claims asserted against them in the Hagan Action.

34. As set forth in Hartford's coverage position letters, the Hartford Policies include various terms, conditions, exclusions and provisions that preclude or may preclude coverage for the Hagan Action.

35. Moreover, in applying for the Hartford Trinity Policies, Trinity represented and described the nature of its business operations as a real estate agency and identified a single office location.

36. Similarly, in applying for the Hartford Ossining Policies, Ossining represented and described the nature of its business operations as a "Building Owner – Lessors Risk Only – Business or Personal Services Occupancy."

37. Notwithstanding the foregoing, the complaint in the Hagan Action alleges that Trinity is actually a real estate management and limited liability company that was involved in the development, building and management of the Project.

38. Similarly, the complaint in the Hagan Action alleges that Ossining is actually both the sponsor and developer of the Project, was responsible for the shoddy and improper construction of the same, and is liable for misrepresenting and illegally offering and selling condominium units to the underlying plaintiff and others.

39. Trinity's current website likewise states that it is "a real estate development and management company" and is "Westchester County, New York's leading developer of affordable housing" whose mission is to "develop, construct, manage and own" such projects. Trinity touts itself as "a nationally recognized, private sector firm with over twenty years of experience in producing top quality, affordable housing," involving "all aspects of housing development." Trinity further represents that "[t]he bread and butter of the Trinity

organization is the development of affordable rental housing" and that it has successfully developed or rehabilitated numerous housing units since the early 1980's.

40. Had Trinity and Ossining accurately and completely described and represented the true nature of their business and operations, Hartford would not have issued the Hartford Policies to Trinity or Ossining, insofar as real estate development operations are not an eligible classification for which Hartford issues policies in the State of New York pursuant to its underwriting guidelines.

41. Accordingly, disputes have arisen among the parties, and likely will continue to arise, regarding the scope and extent of coverage available to Trinity and Ossining under the Hartford Policies, including whether Hartford is entitled to a judicial determination of rescission of the Hartford Policies based on material misrepresentations, or alternatively, whether Trinity and Ossining are entitled to coverage under the Hartford Policies for the allegations and claims asserted against them in the Hagan Action.

## FIRST CAUSE OF ACTION
**(Rescission of Insurance Policies)**

42. Hartford incorporates by reference and repeats and realleges the allegations of Paragraph 1 through 41 of the Complaint above as if fully set forth herein.

43. The Hartford Trinity Policies were issued to Trinity based on its representation that it was a real estate agency with a single office location.

44. Similarly, the Hartford Ossining Policies were issued to Ossining based on its representation that its operations were solely that of a building owner and lessor for business or personal services occupancy.

45. Trinity failed to disclose to Hartford in its applications for insurance that it was a real estate development company.

46. Ossining failed to disclose to Hartford in its applications for insurance that (i) it was a real estate development company, (ii) it was the developer, builder and sponsor of the Project, and (iii) the building and its business included condominiums and/or other residential occupancies at the premises.

47. Trinity's and Ossining's misrepresentations as to the nature of their operations were material, insofar as real estate development is an ineligible operation and class in New York State pursuant to Hartford's underwriting guidelines and practices.

48. Hartford issued the Hartford Policies to Trinity and Ossining in reliance upon those insured's misrepresentations concerning the nature of their business and operations.

49. Hartford would not have issued the Hartford Policies had it known the facts misrepresented concerning the true nature of Trinity's and Ossining's business operations.

50. In addition, the premium rates charged for the Hartford Policies were based on the classification of Trinity as a real estate agency and Ossining as a lessor of 3000 sq. ft. of retail and service space, and Hartford would have refused to make such contracts based on the rating classification and premiums charged had it known the facts misrepresented.

51. By reason of the foregoing, Hartford is entitled to a judicial determination of rescission of the Hartford Policies, a declaration that the Hartford Policies are void *ab initio*, and as a result, that Hartford has no obligation under the Hartford Policies to defend or indemnify either Trinity or Ossining in connection with the Hagan Action.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

52. Hartford incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 51 of the Complaint above as if fully set forth herein.

53. To the extent the Hartford Policies are not rescinded and determined to be void *ab initio*, Hartford, in the alternative, seeks a declaratory judgment to resolve questions concerning the extent of Hartford's rights, obligations and duties, if any, under the Hartford Policies to defend and indemnify Trinity, Ossining and/or any other insured with respect to the allegations and claims contained in the Hagan Action.

54. An actual case or controversy exists between Hartford, Trinity and Ossining concerning (a) the existence, scope and extent of coverage available under the Hartford Policies with respect to the Hagan Action, and (b) Hartford's entitlement to reimbursement, indemnification or recoupment of amounts expended and paid by Hartford in connection with the same.

55. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

56. By reason of the foregoing, Hartford is entitled to a declaratory judgment establishing the rights and obligations of the parties and determining the extent of Hartford's entitlement to reimbursement for amounts paid or to be paid in connection with the Hagan Action.

## THIRD CAUSE OF ACTION
**(Equitable Reimbursement, Indemnity and/or Recoupment)**

57. Hartford incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 56 of the Complaint above as if fully set forth herein.

58. Hartford has and/or will incur costs associated with the defense of Trinity in connection with the Hagan Action.

59. Hartford's agreement to participate in the defense of Trinity in the Hagan Action was subject to the express reservation of the right to seek reimbursement for any and all amounts paid in the event there was a subsequent determination of no coverage.

60. Accordingly, to the extent the Court determines that the Hartford Policies do not provide coverage for the claims and allegations of the Hagan Action, Hartford has been damaged and is entitled to reimbursement and recoupment from Trinity for any and all amounts and monies paid on its behalf, plus interest.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff Hartford respectfully requests that the Court enter judgment as follows:

(1) On the First Cause of Action, granting rescission of the Hartford Policies, and declaring that the Hartford Policies are void *ab initio* and Hartford accordingly has no obligation to defend or indemnify Trinity and Ossining thereunder in connection with the Hagan Action;

(2) On the Second Cause of Action, declaring the rights, duties and obligations of the parties with respect to the matters addressed above, including a declaration that the Hartford Policies do not provide coverage for the claims asserted and any amount sought in the Hagan Action, and that Trinity and/or Ossining are obligated to reimburse Harford for any and all amounts paid by Hartford on their behalf in connection with the Hagan Action;

(3) On the Third Cause of Action, in favor of Hartford and against Trinity in the amount to be determined at trial, plus prejudgment and post-judgment interest as allowed by law; and

(4) Granting such other and further relief as the Court deems just and proper, including the costs, disbursements and legal fees necessarily and reasonably incurred by Hartford in connection with this lawsuit.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues so triable.

Dated: White Plains, New York
April 29, 2019

MENZ BONNER KOMAR & KOENIGSBERG LLP

By: _____
Michael S. Komar
(mkomar@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222

*Attorneys for Plaintiffs Property and Casualty Insurance Company of Hartford and Sentinel Insurance Company, Ltd.*